UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHASIDY MARIE CAMPBELL,                    )
                                           )
                  Petitioner,              )
                                           )
                                           )
vs.                                        )    Civil No. 3:25-cv-01535-GCS
                                           )
                                           )
SUSAN RANDOLPH,                            )
WARDEN FCI GREENVILLE                      )
                                           )
                  Respondent.              )

MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Petitioner Chasidy Marie Campbell filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the application of her eligible time towards halfway house or home confinement placement under the Second Chance Act and the First Step Act of 2018 under 28 U.S.C. § 3632 (Doc. 1, 23). Petitioner believes she is eligible for halfway house or home confinement by November 8, 2025, and not a date of October 2026. Petitioner requests an immediate transfer to pre-release custody or to a halfway house. The Respondent opposes the petition. (Doc. 20). Based on the reasons delineated below, the Court finds that Campbell failed to exhaust her administrative remedies before filing suit and denies without prejudice the § 2241 petition for refiling after the exhaustion of appropriate administrative remedies.

Campbell is serving a 140-month term of imprisonment, for conspiracy to possess with intent to distribute methamphetamine. *See United States v. Campbell*, 6:19-CR-00232(1)-ADA. (Doc. 20-2, p. 2). Her current statutory release date is June 6, 2028. With FSA credits, her projected release date is June 7, 2027. Thus, her home detention projected date is December 6, 2026. *Id.*

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his or her sentence. *See, e.g.*, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (recognizing that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). Still, to obtain a writ of habeas corpus, a prisoner must show that he or she is in custody in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3). Moreover, before seeking relief in federal court a prisoner must exhaust administrative remedies. *See, e.g.*, *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted"); *see also Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992). Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process results in the denial of the requested relief. *See Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989). Where, as here, a petitioner complains that errors have been made with respect to internal Bureau of Prison ("BOP") policies

and calculations, it is the BOP that must be given the first opportunity to correct any such errors. *See Ramirez v. Zuercher*, No. 08-1283, 2008 WL 4724289, at *2 (C.D. Ill. Oct. 24, 2008).

To exhaust administrative remedies, a prisoner incarcerated by the BOP must first file an informal complaint with institution staff. *See* 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at the institution where he or she is incarcerated. *See* 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response to the BP-9, he or she may submit an appeal to the Regional Director on a BP-10 form within 20 days. *See* 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he or she may submit an appeal on a BP-11 form to the BOP's Office of General Counsel within 30 days. *Id.*

Respondent argues, *inter alia*, that Plaintiff has not exhausted her administrative remedies. Campbell concedes that she has not exhausted the available BOP administrative remedy process. (Doc. 1, 23.). Specifically, she contends that the process regarding "remedies have been taking more time than unusual to come back." (Doc. 23, p. 1).

Petitioners citing futility "face a heavy burden" because they must demonstrate that there is "no reasonable prospect" that they could obtain any relief from that agency. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016-17 (7th Cir. 2004) (quoting *Health Equity Resources Urbana, Inc. v. Sullivan*, 927 F.2d 963, 965 (7th Cir. 1991). Campbell has neither exhausted her administrative remedies nor shown that available remedies are

inadequate, ineffective, or would cause irreparable injury. Regardless, "the Agency should have the opportunity, without reaching the constitutional issue, to provide the petitioner the ultimate relief requested in the first instance." *Gonzalez*, 355 F.3d at 1017. This serves both the purposes of exhaustion of "protecting administrative agency authority and promoting judicial efficiency." *Id.* (citation omitted). Thus, the Court finds that the agency should have the first opportunity to remedy any alleged violation, and Petitioner has not adequately supported her claim that her endeavor would be futile.

### CONCLUSION

Based on the foregoing, the Court **DENIES without prejudice** Campbell's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 for failure to exhaust administrative remedies. (Doc. 1). The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same and close the case. No certificate of appealability shall issue.

**IT IS SO ORDERED.**

**DATED: July 9, 2026.**

Digitally signed by Judge Sison
Date: 2026.07.09
14:49:51 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

Page **4** of **4**